## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN MOORE,**<br>**Individually and on behalf of all others similarly situated,**<br><br>*Plaintiff*,<br><br>v.<br><br>**SOUTHERNSCAPES, LLC**<br>**and JERED CLEVELAND,**<br><br>*Defendants.* | Civil Action No. 1:22cv62 HSO-RHWR<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Steven Moore ("Plaintiff" or "Moore") brings this action against SouthernScapes, LLC ("SouthernScapes") and Jered Cleveland ("Cleveland") (collectively "Defendants") seeking all available relief, including compensation, liquidated damages, attorneys' fees, costs, and other damages allowed by law, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This lawsuit is brought to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants anywhere in the United States, at any time during the relevant statute of

limitations through the final disposition of this matter, who were paid a straight hourly wage for all hours worked and no overtime compensation in violation of the FLSA.

3. Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Defendants to not pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor done in good faith.

5. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

7. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

9. Plaintiff Steven Moore ("Moore") worked for Defendants within the relevant time period. Plaintiff Moore did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

10. The FLSA Collective Members are those current and former employees who worked for Defendants anywhere in the United States, at any time from March 22, 2019 through the final disposition of this matter, and were subject to the same illegal pay system under which Plaintiff Moore worked and was paid.

11. Defendant SouthernScapes, LLC ("SouthernScapes") is a domestic limited liability company doing business in the State of Mississippi and may be served through its registered agent for service of process: **Jered Cleveland, 10252 Woodlands Drive, Biloxi, Mississippi 39532.**

12. Defendant Jered Cleveland ("Cleveland") is the Owner and Manager of SouthernScapes and an employer as defined by 29 U.S.C. §203(d). Along with SouthernScapes, Defendants Cleveland employed and/or jointly employed Plaintiff Moore and the Putative Class Members. Defendant Cleveland may be served with process at: **10252 Woodlands Drive, Biloxi, Mississippi 39532, or wherever he may be found.**

13. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight, and control over SouthernScapes and Plaintiff Moore and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions.

### III.
### JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201, *et. seq.*

15. This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a direct result of Defendants' conduct within this District and Division.

16. Specifically, Defendant SouthernScape's principal place of business is located in Biloxi, Mississippi (Harrison County), Defendant Cleveland is domiciled in Biloxi, Mississippi, and Plaintiff

Moore worked in Harrison County, Mississippi during his employment with Defendants, all of which is located in this District and Division.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

18. Defendants own and operate a landscaping company self-described as "[t]he Gulf Coast's Trusted Landscape Service Provider."[1]

### Defendants are Joint Employers

19. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

20. Specifically, Defendant Cleveland dictated (and continues to dictate) the practice goals and what pressing or tactical items needed to be done to meet the goals of SouthernScapes and/or their clients.

21. Further, Defendant Cleveland managed (and continues to manage) key internal relationships to SouthernScapes—that is, he directed (and continues to direct) the financials of SouthernScapes and he controlled the pay of Plaintiff and the Putative Class Members who directly or indirectly reported to Defendant Cleveland.

22. Defendant Cleveland had the power to hire and fire Plaintiff and the Putative Class Members.

23. Defendant Cleveland had the power to supervise and control Plaintiff Moore and the Putative Class Members' work schedules and conditions of his employment.

24. Defendant Cleveland had the power to determine Plaintiff and the Putative Class Members' rates and method of payment.

25. Defendant Cleveland maintained Plaintiff and the Putative Class Members'

---

[1] https://southernscapesms.com.

employment records.

26. As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA with respect to the entire employment for the workweeks at issue in this case.

### Plaintiff Moore's Employment with Defendants

27. Plaintiff Moore worked exclusively for Defendants in Mississippi from approximately November 2020 until December 2021.

28. Plaintiff and the Putative Class Members were responsible for assisting Defendants' customers with their landscaping needs.

29. Specifically, Plaintiff Moore's job duties consisted of landscaping Defendants' customers' yards, including mowing, cutting and weed-eating grass, trimming bushes and trees, mulching, spraying pesticides, pruning, and other lawn care maintenance.

30. Based on the schedule set by Defendants, Plaintiff and the Putative Class Members typically worked over forty (40) hours each workweek he performed services for Defendants.

31. Indeed, Plaintiff Moore worked approximately forty-five (45) to sixty-five (65) hours per workweek.

32. Plaintiff and the Putative Class Members were paid an hourly wage but no overtime.

33. Specifically, Defendants paid Plaintiff Moore an hourly wage of $14.50 an hour throughout his employment with Defendants but did not pay Plaintiff any overtime compensation.

34. Regardless of the number of hours worked, Defendants did not pay Plaintiff and the Putative Class Members overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

35. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each workweek.

36. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but were not paid overtime of at least one and one-half their regular rate for all hours worked in excess of forty (40) hours per workweek.

37. Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A.    FLSA COVERAGE**

38. All previous paragraphs are incorporate as though fully set forth herein.

39. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER HOURLY LANDSCAPING EMPLOYEES WHO WORKED FOR SOUTHERNSCAPES, LLC AND/OR JERED CLEVELAND, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MARCH 22, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

40. At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

41. At all times hereinafter mentions, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

42. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

44. In performing the operations described above, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

45. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

46. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees "engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 207(a)(1) and as required by 29 U.S.C. §§ 206–07. *See McCann v. W.C. Pitts Const. Co.*, No. 3:10-CV-52-DPJ-FKB, 2012 WL 3756608 (S.D. Miss. Aug. 28, 2012); *Martin v. Bedell*, 955 F.2d 1029 (5th Cir. 1992)

47. Plaintiff's job duties constitute support functions for instrumentalities of interstate commerce. Indeed, Plaintiff serviced Defendant's residential and commercial customers, such as car washing businesses.

48. Additionally, Plaintiff's job duties primarily included using or handling goods, materials, and supplies that were manufactured beyond Mississippi's borders and/or transported interstate.

49. In performing the job duties hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

50. In violating the FLSA, Defendants acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

51. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 39.

52. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

53. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

54. Plaintiff an the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

55. Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each workweek. 29 U.S.C. § 255(a).

56. Defendants knew or should have known their pay practices were in violation of the FLSA.

57. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

58.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay overtime in accordance with the law.

59.     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

60.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages in an amount equal to her overtime wages, attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

61.     All previous paragraphs are incorporated as though fully set forth herein.

62.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who have been similarly situated to Plaintiff Moore with regard to the work they performed and the manner in which they have not been paid.

63.     Other similarly situated employees of SouthernScapes and Jered Cleveland have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

64.     The FLSA Collective Members are defined in Paragraph 39.

65.     Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Defendants and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

66.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

67.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

68. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

69. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

70. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

71. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

72. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 39 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

73. Plaintiff respectfully prays for judgment against Defendants as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 39 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative FLSA Collective Members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff Moore (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Moore (and those FLSA Collective Members who have joined in the suit);

    d.  For an Order awarding the costs and expenses of this action;

    e.  For an Order awarding attorneys' fees;

    f.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.  For an Order awarding Plaintiff Moore a service award as permitted by law;

    h.  For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense; and

    i.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: March 22, 2022    Respectfully submitted,

        By: */s/Nick Norris*
          **Nick Norris**
          nick@watsonnorris.com
          **WATSON & NORRIS, PLLC**
          Mississippi Bar No. 101574
          4209 Lakeland Drive #365
          Flowood, Mississippi 39232
          Telephone: (601) 968-0000

          ***Attorney for Plaintiff and the Putative Class Members***